**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ORIO FONTE,<br>　　　　Plaintiff,<br>vs.<br>TOWN OF MARANA,<br>　　　　Defendant. | No. CIV 10-448-TUC-CKJ<br>**ORDER** |

Pending before the Court is Plaintiff's Objection to Removal (Doc. 4). Defendant has filed a Response.

*Procedural Background*

On June 30, 2010, Plaintiff Orio Fonte ("Fonte") filed a Complaint in the Superior Court in and for the County of Pima. On July 28, 2010, Defendant Town of Marana ("Marana") removed the action to this Court and filed an Answer.

Fonte filed an Objection to the Removal on July 29, 2010; Fonte has requested that this matter be remanded to the state court. Marana has filed a Response.

On August 9, 2010, Fonte filed an Amended Complaint. On August 24, 2010, Marana filed an Answer to the Amended Complaint.

*Consideration of Amended Complaint*

A plaintiff may amend his complaint once as a matter of course within "21 days after service of a responsive pleading[.]" Fed.R.Civ.P. 15(a)(1)(B). The Advisory Committee Notes discuss this right to amend the complaint:

> [T]he right to amend once as a matter of course is no longer terminated by service of a responsive pleading. The responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise. Just as amendment was permitted by former Rule 15(a) in response to a motion, so the amended rule permits one amendment as a matter of course in response to a responsive pleading. The right is subject to the same 21-day limit as the right to amend in response to a motion.

Rule 15, Advisory Committee Notes, 2009 Amendments. Fonte's Amended Complaint was filed within 21 days of Marana's Answer. The Court finds it appropriate to consider the Amended Complaint in deciding whether the action should be remanded.

*Objection to Removal*

"Only state-court actions that originally could have been filed in federal court may be removed to federal court[.]" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987). The removal statutes are to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 686, 872, 85 L.Ed.1214 (1941). Federal courts will decline jurisdiction if there is any doubt as to the propriety of removal. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. *See* 28 U.S.C. § 1447(c).

Marana acknowledges that a "plaintiff is the 'master of the claim,' and where 'plaintiff could maintain claims under both federal and state law, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims.'" Response, p. 2, *citation omitted*. Fonte's Amended Complaint does not include any federal claims. In other words, Fonte, as master of his claims, has elected to only pursue state law claims. Although Marana cites to *Barraclough v. ADP Automotive Claims*, 818 F.Supp. 1310 (N.D.Cal. 1993), for the assertion that simply pointing out flaws in a federal claim does not avoid removal,

1 | Fonte has not simply pointed out flaws in any federal claims in this case. Rather, Fonte has
2 | filed an Amended Complaint in which he makes clear that he is only bringing state law
3 | claims. The Court finds it appropriate to remand this matter. *See Baddie v. Berkeley Farms,
4 | Inc.*, 64 F.3d 487, 490 n. 3 (9th Cir. 1995) ("In this case . . . the federal claims were
5 | dismissed so promptly that defendants suffered no prejudice from removal, other than the .
6 | . . expense of opposing remand.").

Accordingly, IT IS ORDERED:

1. Plaintiff's Objection to Removal (Doc. 4) is sustained and Fonte's request for remand is GRANTED.

2. This matter is REMANDED to the Pima County Superior Court (Cause # C20105181);

3. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Pima County Superior Court, and;

4. The Clerk of the Court shall then close its file in this matter.

DATED this 24th day of August, 2010.

_____
Cindy K. Jorgenson
United States District Judge